DA 11-0215

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 233N

IN THE MATTER OF:

M.M.F.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DN-09-053(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Joslyn Hunt, Chief Appellate Defender, Koan Mercer, Assistant
Appellate Defender, Helena, Montana

     For Appellee:

          Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Kimberly Dudick, Assistant Attorney General, Missoula, Montana

Submitted on Briefs:  August 31, 2011

Decided:  September 20, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Father appeals the Eleventh Judicial District Court's termination of his parental rights arguing that he received ineffective assistance of counsel. We affirm.

## ISSUE

¶3 A restatement of the issue on appeal is whether Father was denied effective assistance of counsel.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 M.M.F. is the minor child of S.F. (Mother) and K.T.P. (Father). Mother and Father are divorced. M.M.F. resided with Mother, and Father had supervised visitation rights until June 2009, at which time the Department of Public Health and Human Services, Child and Family Services Division (Department) discovered Mother had "drug use and/or mental health issues" warranting removal of M.M.F. from Mother's care. The Department also concluded for multiple reasons that Father was not a safe alternative placement option; therefore, the District Court granted temporary legal custody of M.M.F. to the Department. Subsequently, in August 2009, both Mother and Father stipulated that M.M.F. was a youth in need of care (YINC) and agreed to treatment plans.

2

Mother received her plan in late August 2009 and Father received his in late September 2009.

¶5     Approximately six months later, M.M.F. was returned to Mother after she successfully completed her treatment plan. As a result the proceedings against Mother were dismissed in July 2010. Despite an earlier determination that "there was no finding within the [YINC] adjudication of abuse or neglect by Father," the Department proceeded with its case against Father filing a petition to terminate his parental rights. The petition was based upon concerns of Father's suitability to parent M.M.F. as shown by Father's failure to successfully complete his treatment plan.

¶6     Specifically, the Department's decision to pursue termination of Father's parental rights was based upon numerous examples of Father's inability to obtain safe housing, his repeated loud, belligerent, threatening, and disorderly behavior when dealing with the Department resulting in a restraining order against Father, his refusal to provide requested information and maintain regular communication with the Department, and his inability to establish a pattern of good visits with M.M.F—all of which constituted noncompliance with the specific terms and conditions of his treatment plan.

¶7     The District Court held hearings on the Department's termination petition on October 5, 2010, and December 13, 2010. Father, with counsel, was present for the earlier hearing and requested a continuation. The District Court granted the request and rescheduled the hearing for December 13. Father did not attend the latter hearing, but his counsel attended in his stead. The court entered a default against Father for failure to appear and then proceeded with the hearing, taking testimony on the termination petition.

In March 2011, the court issued its ruling terminating Father's parental rights. Father appeals claiming his counsel was ineffective for failing to object to over 30 instances of alleged hearsay testimony at the termination hearing.

## STANDARD OF REVIEW

¶8 We exercise plenary review in determining whether a parent was denied effective assistance of counsel in a termination proceeding. *In re C.M.C.*, 2009 MT 153, ¶ 20, 350 Mont. 391, 208 P.3d 809.

## DISCUSSION

¶9 On appeal, Father sets forth all 30 of the alleged hearsay statements presented to the District Court during the termination hearing. He claims that counsel's failure to object to each of these statements constituted ineffective assistance, and that such ineffective assistance prejudiced him and did not constitute "harmless error." The Department acknowledges that some of the statements may have been hearsay, but argues that those statements involved tangential matters that had no bearing on the central issues of whether Father successfully completed his treatment plan and whether his conduct or condition rendering him unfit was unlikely to change in the reasonable future. Section 41-3-609(1)(f), MCA. The Department therefore asserts that counsel's failure to object to these statements did not prejudice Father because substantial nonhearsay evidence was presented to support termination of Father's rights. *See In re A.J.W.*, 2010 MT 42, ¶ 24, 355 Mont. 264, 227 P.3d 1012.

¶10 The record supports the District Court's conclusion. Based upon undisputedly admissible evidence, it is clear that Father failed to complete his treatment plan and the

4

conditions rendering him an unfit parent were unlikely to change in a reasonable time. Moreover, the District Court correctly concluded under these circumstances that the best interests of the child would be served by termination of Father's parental rights. Section 41-3-602, MCA.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Our review of the record shows the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶12 We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE